Strickland v. Washington (1984), 466 U.S. 668, has a two-prong test to determine when counsel has rendered ineffective assistance. The second prong of the test is proof that the defendant was prejudiced by counsel's performance. The first prong is that counsel made errors so serious that he or she was not functioning as counsel.
I believe that trial counsel for Ali M. Farrah was performing so badly that his errors could qualify for the "not functioning as counsel" prong. I cannot conceive of a rational trial strategy which includes a failure to give closing argument. I also am troubled by a trial counsel who is so badly prepared that he does not know of the existence of a key witness until after the defense has rested its case.
Closing argument is the cornerstone of a defense case. After counsel has thoroughly investigated the fact and evidence, counsel must decide what to say in closing argument. Having determined the content of closing argument, counsel must decide which potential jurors are most likely to accept that closing argument and must attempt to place those jurors on the jury which hears the case. Counsel must also consider whether the client is best served by waiving the jury and asking the trial judge to serve as trier of fact.
Next, counsel must attempt to limit the evidence harmful to the planned closing argument and must develop the evidence supportive of the planned argument.
In short, the whole case is conducted with a view to what counsel will say in closing argument.
One of the true ironies resulting from the law set forth in the Strickland case is that, if trial counsel performs badly enough, there is little evidence of innocence in the record on direct appeal so that ineffective assistance of counsel cannot be demonstrated. The record simply will not demonstrate that the defendant was harmed or had some chance of being found not guilty by the trier of fact.
The record before us demonstrates that a person who was alleged to be a key witness did not testify, but we do not know what the witness would have said because counsel did not proffer the testimony into the record. A confession was supposedly made by a different person, but we know little of the content of the confession. Closing argument was never given, so we know at best part of counsel's theory of the defense.
Given the record before us, we cannot say that Ali M. Farrah was prejudiced by his lawyer's performance. Hence, applying the test for ineffective assistance of counsel set forth in the Strickland case, we cannot say Mr. Farrah received ineffective assistance of counsel. However, he certainly did not receive the quality of representation that he or anyone else who is accused of a crime deserves.
For the above reasons, I concur in this panel's decision to overrule the third assignment of error.